THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0232-JCC |
| Plaintiff, | ORDER |
| v. | |
| JASON DOHERTY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motions to seal (Dkt. No. 110) and to proceed with sentencing by video conference (Dkt. No. 114). Having thoroughly considered the motions and the relevant record, the Court GRANTS the motions for the reasons explained herein.

I.      BACKGROUND

In March 2020, pursuant to a plea agreement, Defendant pleaded guilty to one count of possession of heroin, methamphetamine, and cocaine with intent to distribute and one count of possession of methamphetamine with intent to distribute. (*See* Dkt. Nos. 1, 49, 51, 53.) The Court continued his sentencing hearing several times, most recently to January 27, 2021. (*See* Dkt. Nos. 60, 76, 84, 90, 108.) By order of Chief Judge Ricardo S. Martinez, all criminal in-person hearings scheduled to occur before March 31, 2021, have been continued. *See* W.D. Wash., General Order No. 18-20 at 2 (Dec. 30, 2020). Defendant is currently detained pending

sentencing. (*See* Dkt. No. 49.) He would like to proceed with his sentencing via videoconference to bring certainty to his future and allow him to plan accordingly. (Dkt. No 114 at 2.) Defendant also moves to seal a supplement to his sentencing memorandum because it contains sensitive information that should not be made public and cannot practically be redacted. (Dkt. No. 110 at 1.)

## II.  DISCUSSION

Because of the health risks posed by the COVID-19 pandemic, the Court may conduct a felony sentencing hearing by video conference if the Court finds that the sentencing cannot be further delayed without serious harm to the interests of justice. *See* W.D. Wash., General Order No. 17-20 (Dec. 23, 2020), 04-20 (Mar. 30, 2020). Defendant has a strong interest in the speedy resolution of this matter, but in-person proceedings are unlikely to resume until at least March 31, 2021. W.D. Wash., General Order No. 18-20 (Dec. 30, 2020). Absent a remote proceeding, Defendant cannot be sentenced for months, despite having entered guilty pleas long ago. Taking into account these circumstances, as well as Defendant's stated need for certainty in this matter, the Court FINDS that his sentencing cannot be further delayed without serious harm to the interests of justice.

The Court starts from the position that there is a strong presumption of public access to documents filed in criminal proceedings. *See United States v. Carpenter*, 923 F.3d 1172, 1178–79 (9th Cir. 2019). Documents may be sealed from the public only for compelling reasons that outweigh the public's interest in disclosure. *Id.* at 1179; *see United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Here, Defendant seeks to maintain under seal a supplement to his sentencing memorandum that cannot practically be redacted. (*See* Dkt. Nos. 110, 111.) Defendant's strong privacy interests in the information contained therein outweigh the public's right of access to this information. Accordingly, the Court FINDS that Defendant has demonstrated a compelling reason to seal that outweighs the public's interest in disclosure.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to conduct a remote sentencing hearing (Dkt. No. 114) and Defendant's motion to seal (Dkt. No. 110). The Court ORDERS that Defendant's sentencing proceed by video conference and DIRECTS the Clerk to maintain Docket Number 111 under seal.

DATED this 25th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE